# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**DAMETRIA PRICE**                                                                 **PLAINTIFF**

**VS.**                                          **CIVIL ACTION NO.: 4:13-cv-75-JMV**

**DOLGENCORP, LLC**                                                 **DEFENDANT**

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter is before the court on Defendant's Motion for Summary Judgment [38], as to plaintiff's slip and fall claim. Upon due consideration of the motion and authorities cited and the fact that Plaintiff presents no opposition to the motion,[1] the court finds it is well taken and should be granted as detailed below.

### Facts

On May 28, 2011, Plaintiff Demetria Price alleges she visited the Dollar General store in Kilmichael, Mississippi, to purchase a beverage. Once inside the store, she walked toward the drink aisle located on the left side of the store. As she was about to turn right onto the drink aisle, she slipped and fell in a liquid. Plaintiff alleges an otherwise unidentified customer called out for Plaintiff to stop before she stepped in the liquid, but it was too late. She fell without ever seeing any liquid. She further testified she did not look down at the floor after the fall but that a clear liquid saturated her right side from her ankles to her abdomen as a result of the fall. Plaintiff and the unnamed customer brought the liquid to the attention of the Dollar General assistant manager, who ordered a store employee to clean it up and place a warning cone at the subject location. Plaintiff contends the assistant manager then initiated an accident report. After

---

[1] A week after Defendant moved for summary judgment, Plaintiff filed a Rule 36(a)(6) motion regarding the sufficiency of Defendant's Answers and Objections to Requests for Admissions. The court has reviewed that motion to compel in light of this motion for summary judgment and finds the requests for admission at issue are irrelevant to the issue of Defendant's knowledge of liquid on the floor of the Dollar General store at issue in the instant case. Accordingly, resolution of that motion is immaterial to this order, and the motion for summary judgment is ripe.

the fall, Plaintiff's sister, who she called to come to the Dollar General, took her to the emergency room where she was treated for pain in her knees and palms of her hands.

Plaintiff did not recall if the liquid had a distinct odor and could not identify its source. Additionally, Plaintiff could not tell, nor had she been told, how long the liquid had been on the floor. On the day of the accident, Plaintiff was only aware of three employees being in the store – the assistant manager and two other employees, all of whom she testified she knew. Plaintiff further remarked that the day of the accident, as with every other time she has visited the store, it did not look messy or out of order. When asked during her deposition if the liquid could have been related to the beverages or beverage coolers in the store, Plaintiff responded that she did not know.

In November 2011, Plaintiff saw her primary care physician, Dr. Ozborn, for left knee pain. Dr. Ozborn's medical notes attributed the left knee pain to a fall two months prior – which would have been in September 2011. Although, Plaintiff alleges in her deposition her doctor must have been mistaken and meant to refer to the May 2011 fall in Dollar General. Ultimately, Plaintiff underwent a total knee replacement surgery on her left knee.

Plaintiff initiated this suit in Montgomery County Circuit Court against Dollar General Corporation on March 8, 2013, alleging negligence resulting in personal injury. On March 21, 2013, she filed an amended complaint to substitute Dolgencorp, LLC, as defendant. Dolgencorp removed this action to this court on April 15, 2013. Discovery is now complete, and Dolgencorp moves for summary judgment as to all of Plaintiff's claims.

## Standard of Review

Summary judgment is warranted under Rule 56(c) when evidence reveals no genuine dispute regarding any material fact, and that the moving party is entitled to judgment as a matter

of law. FED. R. CIV. P. 56(c). The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Id.* at 324. Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); SEC v. Recile, 10 F.3d 1093, 1097 (5th Cir. 1997); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075. In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075.

## Law and Analysis

"Premises liability analysis under Mississippi law requires three determinations: (1) legal status of the injured person, (2) relevant duty of care, and (3) defendant's compliance with that duty." *Wood v. RIH Acquisitions MS II LLC*, 556 F.3d 274, 275 (5th Cir. 2009). It is undisputed that Plaintiff was a business invitee at the time of the accident. As such, the owner or lessee had a duty to keep the business premises "reasonably safe and to warn of any dangerous condition that [was] not readily apparent." *Parker v. Wal-Mart Stores, Inc.*, 261 F. App'x 724, 725-26 (5th Cir. 2008). However, the owner or lessee "is not an insurer of the safety of its invitees," and it is "only liable for injuries caused by a condition that is unreasonably dangerous." *Id.* at 726. Mississippi premises liability law recognizes three means of establishing liability to an invitee:

(1) defendant's own negligence created a dangerous condition which caused plaintiff's injuries; (2) defendant had actual knowledge of a dangerous condition which defendant did not cause, but defendant failed to adequately warn plaintiff of the danger she faced; or (3) based upon the passage of time, defendant should have known of the dangerous condition caused by another party if defendant had acted reasonably, but failed to warn of same. *K-Mart Corp. v. Hardy*, 735 So. 2d 975, 980 (Miss. 1999). As explained hereafter, Plaintiff fails to offer *any* proof to support any of these means. Indeed, Plaintiff has not responded at all in opposition to the defendant's motion for summary judgment.

### A. Defendant's Own Negligence

"[T]he fact that the Plaintiff suffered injuries as a result of a slip and fall on the Defendant's premises is not decisive to the issue of whether the Defendant committed a negligent act." *Harrison v. Dolgencorp, Inc.*, 2008 U.S. Dist. Lexis 92617 at *10 (S.D. Miss. Nov. 14, 2008). After examining the evidence presented by the parties, the court finds nothing to indicate the liquid in the instant case was due to any act or conduct of the operator or employees of Defendant. Plaintiff has offered no proof about how the clear liquid ended up on the floor. Instead, she has affirmatively testified that she does not know how the liquid got on the floor. *See* Pl.'s Dep. [38-1] at 10 (Q: "Do you know how that liquid came to be on the floor right there?" A: "No."). The mere fact that liquid was present on the floor, and that Plaintiff slipped in it and fell does not suffice to establish a breach of duty. The doctrine of *res ipsa loquitur* is inapplicable in cases such as this. *See Hardy v. K-Mart Corp.*, 669 So. 2d 34, 38 (Miss. 1996).

### B. Actual Knowledge and Failure to Warn

Plaintiff's claim that Defendant failed to adequately warn of the presence of the liquid is similarly flawed. While Mississippi premises liability law allows recovery where the defendant

failed to adequately warn plaintiff of a danger she faced, such duty only arises where the defendant had actual (or constructive) knowledge of the dangerous condition." *Sullivan v. Skate Zone, Inc.*, 946 So. 2d 828, 831 (Miss. Ct. App. 2007); *K-Mart v. Hardy*, 735 So. 2d 980, 980 (Miss. 1999). As earlier noted, Plaintiff here does not point to any evidence establishing that a Dolgencorp employee actually knew that the liquid was on the floor prior to Plaintiff's fall. Plaintiff does allege she was cautioned by an unidentified customer of the liquid a split-second before the accident. But, she makes no assertion that this woman was a Dolgencorp employee or had previously notified Dolgencorp employees of the liquid.

### C. Constructive Knowledge and Failure to Warn

While not explicitly pled by the Plaintiff in her complaint, a plaintiff may recover in a premises liability case if the defendant had constructive knowledge of a hazard but failed to warn of its presence. To establish liability under this theory, a slip and fall plaintiff must show the hazard was present for a sufficient passage of time so as to impute knowledge of the same to the defendant. *K-Mart v. Hardy*, 735 So. 2d 980, 980 (Miss. 1999). A premises owner only has a duty to eradicate the known dangerous situation within a reasonable time or exercise reasonable diligence to warn of the danger. *Caruso v. Picayune Pizza Hut, Inc.*, 598 So. 2d 770, 773 (Miss. 1992). Plaintiff presents no evidence indicating how long the liquid was on the floor prior to her fall, nor does she show any extrinsic evidence that would suggest how long the liquid had existed, such as foot prints or track marks in the liquid. Accordingly, any potential claim based on constructive knowledge of the liquid fails.

## Conclusion

For the foregoing reasons and the fact the motion is unopposed, summary judgment in this case is appropriate.  **IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Summary Judgment is hereby **GRANTED**.

**SO ORDERED**, this the 10th day of April, 2014.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**